THE BOARD OF COUNTY COMMISSIONERS OF OTERO COUNTY, v. THE FIRST NATIONAL BANK OF LA JUNTA.

1. BILL OF EXCEPTIONS.
Although signed by the trial judge, a bill of exceptions must have been tendered for authentication within the time allowed by order of court in that behalf, or it will be disregarded.
2. PRESUMPTION ON REVIEW.
In the absence of a record containing the evidence, it will be presumed that the facts warranted the judgment.
3. RECORD.
A paper improperly inserted in the record is not entitled to consideration.

*Error to the District Court of Otero County.*

Mr. THOMAS R. HOFFMIRE, for plaintiff in error.

Mr. CALVIN E. REED and Mr. FRED A. SABIN, for defendant in error.

THOMSON, J., delivered the opinion of the court.

What purports to be a printed abstract, filed in behalf of the plaintiff in error, fails to comply with our rule, in that it does not refer to the folio numbers in the transcript and bill of exceptions. Figures are placed along the margin at intervals, but they do not correspond with the folio numbers upon

the record, and are misleading; and, aside from this objection, the abstract is so compiled as to be of no practical assistance to us.

However, by reference to the record proper, we find enough to enable us to make a satisfactory disposition of the case. Judgment was entered on the 9th day of May, 1894. On the same day an appeal was prayed to this court, and sixty days from that date were allowed within which to tender a bill of exceptions to the judge. The appeal was dismissed by this court and the transcript refiled on writ of error. The bill of exceptions was signed and sealed by the judge on the 24th day of August, 1894, and there is no memorandum of an earlier tender. It was signed a month and a half too late. There is attached to the transcript a paper dated March 20, 1885, with the name of John Voorhees, Judge, affixed, which recited that an order was made by the judge on the 3d day of July, 1894, extending the time for filing the bill of exceptions until September 1, 1894, and that it had been lost. The paper purports to grant such extension *nunc pro tunc*. The transcript to which this paper is attached was certified to by the clerk of the district court on the 8th day of December, 1894, more than three months before the paper purports to have been written. It is plain that the document does not belong in the transcript, and its presence is evidence that some person has been unlawfully tampering with the record. The purported bill of exceptions having been, as the authenticated transcript shows, signed by the judge out of time, it is no part of the record, and cannot be considered by us. There is therefore no evidence before us, and we must presume that the facts warranted the judgment, which will therefore be affirmed.

*Affirmed.*